WILEY McLENDON, administrator, *et. al.*, plaintiffs in error, *vs.* MARTHA McLENDON, *et al.*, defendants in error.

There being no judgment overruling the motion for new trial set forth in the transcript of the record, to which exception was taken, an affirmance results by operation of law. This omission is not cured by a statement in the bill of exceptions that such judgment was rendered.

Practice in the Supreme Court. August Term, 1877.

Report unnecessary.

JOHN T. CLARKE ; GUERRY & SAUNDERS ; SIMMONS & PICKETT, for plaintiffs in error.

PARKS & PARKS, by JACKSON & LUMPKIN ; L. C. HOYLE ; W. G. CARTLEDGE, for defendants.

WARNER, Chief Justice.

The plaintiffs brought their action against the defendants on an administrator's bond, to recover their distributive share of their deceased father's estate, which the plaintiffs alleged the administrator had wasted, and refused to account to them therefor. The administrator and the other defendants pleaded *plene administravit.* Upon the trial of that issue, the jury found a verdict for the plaintiffs for the sum of $415.90. The defendants made a motion for a new trial on several grounds, as is shown by the record to which the bill of exceptions refers, and at the November term of the court, 1876, as it appears in the record, an order was granted to show cause why said motion for a new trial should not be granted as prayed for. The bill of exceptions states, that "After argument had, the court overruled said motion for a new trial, provided the plaintiff would write off one-sixth of said verdict, to which defendants excepted." There is no judgment of the court in the record overruling the motion for a new trial upon the terms as stated in the bill of exceptions,

or showing that it has been overruled at all, and for aught that appears in the record, the motion for a new trial in the case is still pending in the court below, and such is the legal presumption, when, as in this case, the clerk certifies that the transcript of the record is a true and correct transcript of the entire record and proceedings had in the superior court in said case. As was said by this court in *Traynham vs. Perry & Denton*, 57 *Ga. Rep.*, 530, "Whoever becomes a plaintiff in error undertakes to produce in this court a judgment, and to prove it erroneous by the record and the law applicable thereto." The plaintiffs in error in this case have failed to produce any judgment in the record from the court below, of which they complain in their bill of exceptions, which this court can reverse, therefore the judgment of the court below, whatever it may have been, by operation of law, stands affirmed.

Judgment affirmed.